UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-60228-CIV-HUCK/O'SULLIVAN

ALLAN CAMPBELL,
    Plaintiff,

vs.

AIR JAMAICA LIMITED,
    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Plaintiff Allan Campbell's Claims [D.E. #14], filed June 9, 2008. The Court has reviewed that motion, Plaintiff's response and Defendant's reply, and is otherwise duly advised in the premises. For the reasons discussed herein, Defendant's Motion to Dismiss is granted.

### Background

Plaintiff brought this action against airline Air Jamaica Limited under the Warsaw Convention (also known as the Montreal Protocol) for damages arising out of an incident in December 2005. Plaintiff alleges that he purchased a round-trip ticket from Fort Lauderdale, Florida to Kingston, Jamaica, but that when he attempted to return to Fort Lauderdale from Kingston, his return ticket was not honored by the airline. As a result, Plaintiff was forced to purchase a new ticket to Fort Lauderdale. Plaintiff alleges that after arriving in Florida he incurred consequential expenses, including business losses because he could not afford to return to work in Jamaica. Plaintiff also seeks damages for "embarrassment and mental anguish."[1]

### Failure to State a Claim under the Warsaw Convention

Plaintiff's Complaint fails to state a claim for which relief can be granted because there is no cause of action for total non-performance of a contract under the Warsaw Convention. *See Wolgel v. Mexicana Airlines,* 821 F.2d 442, 444-45 (7th Cir. 1987) (holding that ticketed passenger who was bumped from flight before boarding could not recover under Warsaw Convention because his cause of action did not stem from a delay but rather from total non-performance of the contract). In his Response to Defendant's Motion to Dismiss, Plaintiff argues that his Complaint asserts a claim for gross negligence rather than for non-

---

[1] Plaintiff does not explain, and the Court is at a loss to understand, how Defendant's failure to honor his return ticket, which Plaintiff admittedly then repurchased and completed his round-trip to Fort Lauderdale, could reasonably and foreseeably result in his inability to return to Jamaica for several months.

performance of a contract. However, even if the non-performance of the contract in this case was the result of negligence, the nature of the underlying cause of action is the same. Therefore, this Court holds that Plaintiff's Complaint alleges only a claim for non-performance of a contract, and that such a claim cannot be brought under the Warsaw Convention.

### Lack of Diversity Jurisdiction

Even if Plaintiff's Complaint were read to bring a cause of action for negligence, this Court does not have federal diversity jurisdiction in this case. It is clear from the facts in the Complaint that any damages to which Plaintiff might be entitled would be far less than the $75,000 requirement under 28 U.S.C. § 1332.[2] Moreover, there is a lack of diversity of citizenship in this case. This Court takes judicial notice of public documents maintained by the Florida Department of State, Division of Corporations, which indicate that Air Jamaica Limited is a foreign corporation with its principal place of business in Kingston, Jamaica. *See also Campbell v. Air Jamaica, Ltd.*, 863 F.2d 1, 2 (2nd Circuit 1988) (accepting a finding that Air Jamaica's domicile and principal place of business are in Jamaica). According to Plaintiff's Complaint, he is also a citizen of Jamaica. Therefore, there is no diversity of citizenship in this case.

### Conclusion

For the reasons discussed above, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, and the Clerk of the Court is instructed to mark this case CLOSED.

DONE in Miami, Florida, this 2nd day of July, 2008.

Paul C. Huck
United States District Judge

Copies furnished to:
Allan Campbell, *pro se*
48 Sheffield Road
Kingston 2, Jamaica, West Indies

---

[2] Although the Complaint seeks $500,000 in damages, Plaintiff's recovery would be limited to the cost of buying a replacement ticket to Fort Lauderdale and potentially any reasonable and foreseeable consequential damages. Under the facts as pled, damages in excess of $75,000 would not be reasonable and foreseeable based solely on the airline's failure to honor a ticket. Plaintiff should also be advised that even if this Court had proper subject matter jurisdiction, this case would likely be dismissed on forum non-conveniens grounds because both parties are residents of Jamaica, Defendant's principal place of business is in Jamaica, the challenged incident occurred in Jamaica, and most of the potential witnesses would likely be in Jamaica.